**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  CLIFFORD THOMAS BOLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-CV-00303-GKF-SH |
| | ) | |
| 1.  VICKI  LYNN DALTON, individually, | ) | |
| 2.  BRYAN PATINO, individually, | ) | |
| 3.  RILEY BREEDLOVE, individually, and | ) | |
| 4.  ALFRED  COACHMAN, | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT[1]

The Plaintiff Clifford Thomas Boles (Plaintiff) hereby submits his First Amended Complaint in the above captioned matter.  In support thereof, Plaintiff alleges, and states as follows:

1.      Plaintiff filed this amended complaint pursuant to  Fed. R. Civ. P. 15 which allows for amendment within 21 days of the filing of a motion to dismiss. A motion to dismiss [Doc. 11] was filed on July 29, 2021.

2.      Plaintiff is an individual who resides in the State of Oklahoma.

3.      Plaintiff was in the Tulsa County Jail as a pre-trial detainee from January 24, 2020 until February 26, 2020 when the pending charges were dismissed by the State of Oklahoma.

4.      Defendants Bryan Patino (Patino) Alfred Coachman (Coachman) and Riley Breedlove (Breedlove) were employees of the Tulsa County Jail as law enforcement officers for the jail.

---

[1] Plaintiff files this amendment in part after receiving Plaintiff's medical treatment records from Counsel for Turn Key. *See* n. 1 to Doc. 11.

5.      Defendant Vicki Lynn Dalton (Dalton) was employed with former[2] Defendant Turn Key Health Clinics, L.L.C. (Turn Key) as Nurse and assigned to the Tulsa County Jail. Dalton resides in Creek County, Oklahoma.

6.      While incarcerated at the Tulsa County Jail, Plaintiff was subjected to cruel and unusual punishment and an unreasonable seizure prohibited by the United States Constitution and applicable in this context through the 4th and 14th Amendments to the United States Constitution to Plaintiff as a pretrial detainee.

7.      At the time Plaintiff was arrested he had a bacterial infection on his finger.

8.      On January 25, 2020, at approximately 9:00 a.m. while in Tulsa County Jail, Plaintiff was in unbearable pain on his finger as a result of the infection. He requested medical care and was denied. As a result, Plaintiff laid on the floor in the jail in an attempt to get attention for his medical needs. Plaintiff screamed for help and said he needed help. Plaintiff stated "I need help. My finger hurts." The individual jailer within view of Plaintiff responded with "f*ck you." Plaintiff was approached by Patino and Coachman with Breedlove observing and was told to get off the floor. Plaintiff again said he needed help. Plaintiff refused to get off the floor until he was assured he would get the necessary medical care. Patino and Coachman grabbed Plaintiff and attempted to move him to a suicide cell and he resisted because he needed medical care, Breedlove approached, and he and Coachman held Plaintiff's legs while Patino stunned Plaintiff four to five times. This resulted in significant pain to Plaintiff.

9.      Plaintiff was moved by Coachman, Patino and Breedlove to a cell and his request for medical care was still denied. Dalton arrived at the cell to observe Plaintiff, not for his finger

---

[2] An amended pleading supercedes the original pleading. *Pacific Bell Tel. Co. v. Linkline*, 555 U.S. 438, n.4 (2009); *Miller v. Glanz*, 948 F.2d 1962, 1965 (10th Cir. 1991). By filing this amendment, Plaintiff abandons all claims and assertions of his original petition. Thus, Turn Key is dismissed by this filing.

but to clear Plaintiff from any injuries from the excessive force imposed on him. Dalton arrived about an hour later while Plaintiff was still in excruciating pain for his finger. Dalton, according to reports of the jail defendants, cleared him. Dalton did not prescribe any pain medicine, nor did she cause pain medicine to be issued to Plaintiff and did not  notify the qualified medical professionals to render appropriate care for Plaintiff. Plaintiff was not provided pain medicine for his finger for approximately 27 hours. Specifically, a physician prescribed Plaintiff, Naproxen 500 mg and Tylenol 500 MG on January 26, 2020 at 10:09 a.m.

## COUNT I-42 U.S.C. § 1983 – EXCESSIVE FORCE-AS TO DEFENDANTS PATINO, RILEY, BREEDLOVE AND COACHMAN

In support of Count I, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

10.     That while incarcerated in the Tulsa Jail, Plaintiff was subjected to excessive force as set forth above and arbitrary punishment.

11.     The action and inaction by the Defendants named herein constitutes deliberate indifference to the known federal constitutional rights of Plaintiff; specifically:

12.     Plaintiff was injured Patino, Riley, Breedlove and Coachman resulting in excessive force and significant injuries to Plaintiff.

13.     The Fourteenth Amendment applies to excessive force claims brought  by pretrial detainees. Specifically, the Supreme Court has held:

> "It is clear ... that the Due Process Clause protects a pretrial detainee
>  from the use of excessive force that amounts to punishment." *Graham
> v. Connor,* 490 U.S. 386, 395 n.10 (1989).

14.     More recently, in *Kingsley v. Hendrickson, 5*76 U.S. --135 S. Ct. 2466,  2472 (2015), the Supreme Court held that to prove an excessive force claim under the Fourteenth Amendment, a pretrial detainee must  show that the officers' use of force was "objectively"

3

unreasonable; the  detainee is not required to show that the officers were "subjectively" aware that their use of force was unreasonable. *Id.* No matter which  standard is applicable, Patino, Riley, Breedlove and Coachman violated it.

15.     Moreover, Patino, Riley, Breedlove and Coachman violated Plaintiff's due process by punishing him based on false reasons in an arbitrary and capricious manner.  This includes punishing him for seeking necessary medical care.

16.     That during the encounter referenced above,  Patino, Riley, Breedlove and Coachman engaged in  excessive force as well as numerous due process violations.

17.     That  Patino, Riley, Breedlove and Coachman are liable to Plaintiff under 42 U.S.C. § 1983  for violating Plaintiff's due process rights by engaging in excessive force upon Plaintiff, unlawfully punishing him without a constitutionally valid  reason.

## COUNT II- 42 U.S.C. § 1983 – MEDICAL INDIFFERENCE-AS TO ALL DEFENDANTS

In support of Count II, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

18.     That as a pretrial detainee, the Due Process Clause of the U.S. Constitution prohibits deliberate indifference to the serious medical needs of Plaintiff.

19 .     That all Defendants were aware of Plaintiff's need for medical care and ignored his needs and the resulting failure resulted in significant damages to Plaintiff.

## COUNT III- 1983-FAIULURE TO INTERVENE (ALL DEFENDANTS)

Plaintiff incorporates the foregoing allegations in their entirety. Further, Plaintiff asserts:

20.     Defendants failed to intervene to known unconstitutional conduct that  occurred upon Plaintiff.

## COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO ALL DEFENDANTS

21.     Plaintiff hereby adopts, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

22.     Defendants acted outrageously and engaged in intentional infliction of emotional distress by engaging in the conduct above or directing such conduct, disregarding Plaintiff's legal rights, and Defendant was fully aware that his treatment towards him would exacerbate his condition

## CONCLUSION

WHEREFORE, Plaintiff  seeks an award of actual damages in excess of $75,000.00.  Further, Defendants acted with conscious disregard to the federally secured rights of Plaintiff, intentionally with malice and with reckless disregard for rights of Plaintiff and as such, punitive damages in excess of $10,000.00 should be assessed against them.  As a result of Defendants' conduct, Plaintiff has suffered actual damages in excess of $75.000.00.  Further, Plaintiff has incurred attorney fees and costs pursuing this matter and pursuant to 42 U.S.C. § 1988 Plaintiff should be reimbursed a reasonable award of attorney fees and costs.  In the event that actual damages are not provable, nominal damages should be issued as a means to redress the civil rights of Plaintiff.

Plaintiff requests an award of actual damages in excess of $75,000.00 against all Defendants, an award of punitive damages against all individual Defendants in excess of $10,000.00, the costs of this action, pre and post judgment interest, reasonable attorney fees and costs, that Defendants be jointly and severally liable and any other and further relief that this Court deems proper.

s/ Brendan M. McHugh
Brendan M. McHugh, OBA #18422
Attorney for Plaintiff
P.O. Box 1392
Claremore, OK 74018
Tele: (918) 608-0111
Fax: (918) 803-4910
-and-
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, OK  74301
Tele:  918-457-6626
Fax: 918-517-3431
Co-Counsel for Plaintiff

**CERTIFICATE OF DELIVERY**

I Certify That On The 13th Day Of August 2021, I Caused A Copy Of The Above Document To Be Delivered Via The Court's ECF Delivery System To:

Joel L. Wohlgemuth, OBA #9811
Jo Lynn Jeter, OBA #20252
W. Caleb Jones, OBA #33541
Norman Wohlgemuth Chandler Jeter
Barnett & Ray, P.C.
2900 Mid-Continent Tower
Mid-Continent Tower
401 S Boston Ave.
Tulsa, OK 74103
(918) 583-7571
Fax: (918) 584-7846

s/ Brendan M. McHugh
Brendan M. McHugh