IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CLIFFORD THOMAS BOLES,

    Plaintiff,

v.

VICKI LYNN DALTON, individually;
BRYAN PATINO, individually; RILEY
BREEDLOVE, individually; and ALFRED
COACHMAN,

    Defendants.

Case No. 21-CV-303-GKF-SH

## ORDER

Before the court is defendant Vicki Lynn Dalton's Motion to Dismiss with Prejudice [Doc. 24]. For the reasons discussed below, the motion is granted.

### I. Allegations in the Amended Complaint

Plaintiff Clifford Thomas Boles was a pretrial detainee at the Tulsa County Jail from January 24, 2020 to February 26, 2020. [Doc. 13, ¶ 3]. On January 25, 2020, at approximately 9:00 a.m., Boles was suffering pain due to an infection in his finger. [*Id.*, ¶ 8]. He alleges he requested medical care and was denied. [*Id.*]. Boles then laid on the floor and screamed for help but was rebuffed with an expletive by a jailer. *Id.* Two officers, Bryan Patino and Alfred Coachman, approached Boles and told him to get off the floor. [*Id.*]. Boles refused to do so until he was assured he would get medical care. The officers then grabbed Boles and attempted to move him to a "suicide cell." [*Id.*]. Boles resisted. [*Id.*]. Officer Riley Breedlove then helped Coachman hold Boles's legs while Patino stunned Boles four or five times. [*Id.*]. The officers then moved Boles to a cell. [*Id.*, ¶ 9].

Defendant Vicki Lynn Dalton was employed with Turn Key Health Clinics, L.L.C. as a nurse at the Tulsa County Jail. [*Id.*, ¶ 5]. About an hour after Coachman, Patino, and Breedlove placed Boles in a cell, Nurse Dalton arrived, not to look at Boles's finger but to assess Boles for any injuries as a result of the alleged excessive force imposed by the detention officers. [*Id.*, ¶ 9]. Boles alleges he was still in pain due to the infection in his finger. [*Id.*]. Nurse Dalton did not cause pain medicine to be issued to Boles and did not notify qualified medical professionals to render care to Boles. [*Id.*]. The following day, January 26, 2020, at 10:09 a.m., a physician prescribed Boles Naproxen 500 mg and Tylenol 500 mg. [*Id.*].

Boles alleges that Nurse Dalton was "aware of Plaintiff's need for medical care and ignored his needs and the resulting failure resulted in significant damages to Plaintiff," [*id.*, ¶ 19]; "failed to intervene to known unconstitutional conduct that occurred upon Plaintiff," [*id.*, ¶ 20]; and "acted outrageously and engaged in intentional infliction of emotional distress." [*id.*, ¶ 22].

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett*

*v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 555). The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "Dismissal is appropriate if the law simply affords no relief." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1202 (10th Cir. 2011).

### III. Analysis

Nurse Dalton moves to dismiss the three claims against her: (1) a § 1983 deliberate indifference claim (Count II); (2) § 1983 failure to intervene claim (Count III); and (3) a state law tort claim for intentional infliction of emotional distress (Count IV).

*A. The § 1983 Deliberate Indifference Claim (Count II)*

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The Tenth Circuit has recognized two types of conduct constituting deliberate indifference. "First, a medical professional may fail to treat a serious medical condition properly." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). When this type of conduct is alleged, "the medical professional has available the defense that he was merely negligent in diagnosing or treating the medical condition, rather than deliberately indifferent." *Id.* (citing *Estelle*, 429 U.S. at 105–06). The second type of deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment. *Id.* A prison medical professional who serves solely "as a gatekeeper for other medical personnel capable of treating the condition" may be liable under this standard if she "knows that [her] role in a particular medical emergency is to serve solely as a gatekeeper for other medical personnel capable of treating the condition" and "delays or refuses to fulfill that gatekeeper role due to deliberate indifference." *Id.*

3

Unlike convicted prisoners, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021). Nevertheless, "a pretrial detainee enjoys *at least* the same constitutional protections as a convicted criminal." *Blackmon v. Sutton*, 734 F.3d 1237, 1240–41 (10th Cir. 2013). The Tenth Circuit has long applied the same test for deliberate indifference to serious medical needs to both Eighth Amendment claims brought by prisoners and Fourteenth Amendment claims brought by pretrial detainees. *See, e.g., Lance*, 985 F.3d at 793-94; *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018); *Martinez v. Beggs*, 563 F.3d 1082, 1088-89 (10th Cir. 2009).

"Deliberate indifference has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Here, Nurse Dalton contends that plaintiff has failed to plead allegations that satisfy the subjective prong of the deliberate indifference standard. To satisfy the subjective component, "the prison official must have a 'sufficiently culpable state of mind.'" *Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[O]nly a prison official who knows of and disregards an excessive risk to inmate health or safety acts with deliberate indifference." *Clark*, 895 F.3d at 1267 (internal quotation marks omitted).

The Amended Complaint fails to allege facts sufficient to state a plausible claim that Nurse Dalton was deliberately indifferent to Boles's serious medical needs. Based on the Amended Complaint, Nurse Dalton's involvement with Boles was limited. The only interaction Boles alleges between Nurse Dalton and Boles occurred when Nurse Dalton came to his cell, "not to look at his finger but to 'clear [him] from any injuries from the excessive force' used by the officers." [Doc. 13, ¶ 9]. Boles does not allege that he told Nurse Dalton about the pain in

4

his finger. He does not allege that his finger had a visible injury she could have observed. He does not allege that Nurse Dalton had any knowledge of his prior requests for medical care or proffer any facts that would lead to the reasonable inference that the state of Boles's finger should have been obvious to Nurse Dalton.

The allegations in the Amended Complaint fail to satisfy the subjective component of the excessive force analysis because Boles has not plausibly alleged that Nurse Dalton knew and disregarded an excessive risk to his health or safety. Accordingly, the Amended Complaint fails to describe any act or omission by Nurse Dalton that rises to the level of a constitutional violation, and plaintiff's § 1983 deliberate indifference claim against Nurse Dalton must be dismissed.

### B. The § 1983 Failure to Intervene Claim (Count III)

As plaintiff states, the law governing failure to intervene claims is clear: "[A] *law enforcement officer* who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) (emphasis added). Boles cites no authority for the proposition that the law imposes an affirmative duty upon medical care providers to intervene in allegedly unconstitutional uses of force by law enforcement officers.

Even if the law imposed an affirmative duty upon medical care provers to prevent a law enforcement officer's use of excessive force, Boles has failed to state a claim against Nurse Dalton. The Amended Complaint does not allege that Nurse Dalton was present at the time of the alleged use of excessive force; rather, it alleges that Nurse Dalton arrived at Boles's cell "about an hour later." [Doc. 13, ¶ 9]. To state a § 1983 claim for failure to intervene, Boles must allege the defendant observed or had reason to know of a constitutional violation and had a realistic opportunity to intervene. *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) (quoting

*Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008)). Nurse Dalton neither observed the alleged excessive force nor had a reasonable opportunity to intervene.

Plaintiff's § 1983 claim against Nurse Dalton for failure to intervene is not legally viable. In the alternative, Boles has failed to state a § 1983 failure-to-intervene claim.

### C. Intentional Infliction of Emotional Distress (Count IV)

Boles also seeks to bring a claim against Nurse Dalton for intentional infliction of emotional distress. Nurse Dalton argues this is barred by the Oklahoma Governmental Tort Claims Act (OGTCA). Under the OGTCA, state employees "acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts." Okla. Stat. tit. 51, § 152.1(A). It is undisputed that "[g]enerally speaking, the staff of a healthcare contractor at a jail are 'employees' who are entitled to tort immunity under the [O]GTCA." *Barrios v. Haskell Cnty. Pub. Facs. Auth.*, 432 P.3d 233, 236 n.5 (Okla. 2018). In response, Boles argues that because intentional infliction of emotional distress is an intentional tort, it cannot be alleged against Nurse Dalton in her official capacity, but only individually. *See Dashan v. State of Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 2008 WL 4899279, at *9 (N.D. Okla. Nov. 12, 2008) (citing *McMullen v. City of Del City*, 920 P.2d 528, 531 (Okla. Civ. App. 1996)) (IIED includes an element of bad faith; therefore, if committed, it was committed outside the scope of government employment); *see also Hibben v. Okla. ex rel. Dep't of Veterans Affairs*, 2017 WL 1239146, at *10 (N.D. Okla. Mar. 31, 2017). Accordingly, the OGTCA does not shield Nurse Dalton from individual liability on the IIED claim.

An action for intentional infliction of emotional distress will lie only where "the conduct has been so so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member

of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Miller v. Miller*, 956 P.2d 887, 901 (Okla. 1998) (quoting Comment d to § 46 of the Restatement (Second) of Torts). In this case, Boles does not allege conduct by Nurse Dalton that might possibly be characterized as so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Boles's intentional infliction of emotional distress claim must be dismissed for failure to state a claim upon which relief can be granted.

    *D. Leave to Amend*

Boles requests leave to file a Second Amended Complaint in the event the court dismisses his claims against Nurse Dalton. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Amendment of Boles's deliberate indifference claim would be futile. Nurse Dalton played a limited role in Boles's care. She saw him one time only and for a medical assessment entirely unrelated to his finger. Boles cannot plead allegations that satisfy the subjective prong of the deliberate indifference standard because Nurse Dalton cannot be said to have disregarded an excessive risk to Boles's health and safety. In addition, to state a claim for deliberate indifference, the plaintiff must also plead allegations that satisfy the objective prong of the deliberate indifference test. To satisfy the objective component, "the alleged deprivation must be

'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (quoting *Farmer*, 511 U.S. at 834). Here, Boles merely complained of pain in his infected finger. The next day, a physician prescribed mild painkillers to address the complaint. "Not every twinge of pain suffered as the result of delay in medical care is actionable." *Sealock*, 218 F.3d at 1210. Pain in an infected finger is not sufficiently serious to satisfy the objective prong of a constitutional claim for deliberate indifference to an inmate's serious medical needs.

Because failure-to-intervene liability has not been extended to include medical officers, and because the allegations offered by plaintiff clearly establish that Nurse Dalton was *not* present at the time of the alleged excessive force, amendment of the failure-to-intervene claim would be futile.

Finally, permitting Boles to amend his intentional infliction of emotional distress claim would be futile because Nurse Dalton's conduct falls far short of the extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.

## IV. Conclusion

WHEREFORE, defendant Vicki Lynn Dalton's Motion to Dismiss with Prejudice [Doc. 24] is granted.

IT IS SO ORDERED this 8th day of June, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE