### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  CLIFFORD THOMAS BOLES | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 21-CV- 00303-GKF-SH |
| | ) | |
| (1) VICKI LYNN DALTON[1], individually | ) | |
| (2) BRYAN PATINO, individually | ) | |
| (3) RILEY BREEDLOVE, individually | ) | |
| (4) ALFRED COACHMAN | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT STATUS REPORT

**Jury Demanded**:      X Yes      No

**I.      Summary of Claims**:

Plaintiff has stated the following claims against the remaining Defendants: 42 U.S.C. § 1983 (1983) for excessive force; medical indifference, failure to intervene; and a state claim for intentional infliction of emotional distress.

A.  Claims to be Dismissed:

**II.      Summary of Defenses**:

Defendants affirmatively state that Plaintiff has failed to state a claim upon which relief can be granted.  Defendants affirmatively state that at all times relative to the claims made by Plaintiff, that they acted solely in their official capacity as a Tulsa County detention officer.  Defendants affirmatively state his interaction and use of force on Plaintiff was objectively reasonable under the totality of the circumstances and done to maintain order and safety inside the jail.  Defendant Coachman affirmatively states that any injury or damages sustained by the Plaintiff was due to his own intentional, and wrongful conduct. Defendants affirmatively deny they violated any of Plaintiff's constitutional  rights. Defendants affirmatively state that they are entitled to qualified immunity.

A.  Defenses to be Abandoned:  None

---

[1] Defendant Dalton has been dismissed from the case via Court order.

**III.**  **Motions Pending** (Include Docket Number, Description and Date at Issue)**:  None**

**IV.**  **Stipulations:  Defendants were acting under color of law**

    A.  Jurisdiction Admitted:    x  Yes       No (If no, explain.)

    B.  Venue Appropriate:      x  Yes       No (If no, explain.)

    C.  Facts:  Plaintiff was an inmate at David L. Moss Correctional facility.
             Defendants are state actors for purposes of 42 U.S.C. § 1983.

    D.  Law:  42 USC 1983, 14th Amendment

**V.**  **Proposed Deadlines:**

    A.  Parties to be Added by:  July 15, 2022

    B.  Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  November 1, 2022

    C.  Fact Witness Lists to be Exchanged by:

    D.  Proposed Date for Expert Reports by Plaintiff and Defendant:

**VI.**  **Fed. R. Civ. P. 26(f) Discovery Plan**

    A.  Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
        Yes (If yes, explain.)
        x No

    B.  When were or will initial disclosures under Rule 26(a)(1) be made?  By July 10, 2022.

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply  with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring

disclosure issues to the Court's attention in a timely manner  may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C.  Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?          Yes          x No

D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
    Yes (If yes, explain.)
    x No

E.  Proposed Number of Fact and Expert Depositions:

    1.  To be allowed for Plaintiff?  10

    2.  To be allowed for Defendant? 10

F.  Is there a need for any special discovery management order(s) by the Court?
    Yes (If yes, explain.)
    x No

G.  The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.   Anticipated Dispositive Motions?**
     xYes (If yes, describe.) Motion for qualified immunity.
     No

**VIII.  Do all parties consent to trial before the assigned magistrate judge?**      Yes      x No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.    Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**      Yes      x No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.     Settlement Plan** (Check one):

 Settlement Conference Requested After:  November 1, 2022
    Describe Settlement Judge Expertise Required, If Any:  Civil Rights

Private Mediation Scheduled On:

Other ADR (Explain):

ADR Appropriate:
    Yes
    No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

        Plaintiffs:        Yes        No

        Defendants:     x Yes        No

**XI.**    **Does this case warrant special case management?**
    Yes (If yes, explain.)
   x No

**XII.**    **Do the parties request that the Court hold a scheduling conference?**      Yes     x No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.**   **Estimated Trial Time:  3 days**

Attorney for Plaintiff (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Attorney for Defendant (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

      /s/ Scott B. Wood
      Scott B. Wood, OBA 12536
      WOOD, PUHL & WOOD, P.L.L.C.
      2409 E. Skelly Drive, Suite 200
      Tulsa, Oklahoma 74105
      *Tel* (918) 742-0808 / *Fax* (918) 742-0812
      *Attorneys for Defendants*

      /s/ Brendan M. McHugh
      Brendan M. McHugh, OBA #18422
      Dana Jim, OBA #19495
      Route 66 Attorneys, LLC
      P.O. Box 1392
      Claremore, OK  74018
      Tele:(918) 608-0111
      Fax: (918) 803-4910
      Email:Brendan@lawinok.com
      Email: danajimlaw@gmail.com
      *Attorneys for Plaintiff*